United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30522
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH EARL WINES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CR-30013
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth Earl Wines was convicted after a jury trial of conspiracy to possess with intent to distribute 50 grams or more of cocaine base (Count 1), conspiracy to distribute marijuana (Count 2), possession with intent to distribute 50 grams or more of cocaine base (Count 3), and possession of a firearm in furtherance of and in relation to a drug trafficking crime (Count 4). The district court sentenced Wines to 360 months of imprisonment on Counts 1 through 3, to run concurrently, and 60

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment on Count 4, to run consecutively to the terms of imprisonment for Counts 1 through 3.

Wines argues that the evidence was insufficient to convict him of Counts 1 through 3. He contends that he was not involved in the conspiracy, that he did not own the cocaine base that was the subject of Count 3, and that he did not reside at the residence at which the firearms that were the subject of Count 4 were found. However, viewing the evidence in the light most favorable to the jury's verdict, a reasonable trier of fact could have concluded beyond a reasonable doubt that Wines was involved in the conspiracy, that he owned the cocaine base that was the subject of Count 3, and that he resided at the residence at which the firearms that were the subject of Count 4 were found. See United States v. Delgado, 256 F.3d 264, 273-74 (5th Cir. 2001); United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995).

Wines argues that the district court abused its discretion in issuing a cautionary instruction after it determined that it had allowed into evidence inadmissible hearsay, rather than declaring a mistrial. However, similar admissible evidence also was admitted at trial. Accordingly, the testimony did not have a substantial impact on the jury's verdict, and the district court did not abuse its discretion in denying Wines's motion for a mistrial. See United States v. Freeman, 434 F.3d 369, 375 (5th Cir. 2005).

Wines also argues that his Sixth Amendment right to counsel was violated when the district court refused to grant him a continuance to give his retained counsel time to be admitted to the Western District of Louisiana and to prepare for trial. He contends that the district court misapplied three of the factors for making such a determination that were set forth in <u>Gandy v. Alabama</u>, 569 F.2d 1318 (5th Cir. 1978). However, Wines offers no authority in support of the alleged misapplications of <u>Gandy</u>, and he does not challenge other factors that the district court considered in denying the continuance. Accordingly, the district court did not abuse its discretion in denying the continuance. <u>See</u> <u>United States v. Barnett</u>, 197 F.3d 138, 144 (5th Cir. 1999).

AFFIRMED.